FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 SEP 30 PM 12: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LARRY WAYNE GILHAM, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 97-B-2337-S |
| CITY OF TRUSSVILLE, | } |
| Defendant. | } |

ENTERED

OCT 0 1 1998

## MEMORANDUM OPINION

Currently before the Court is the defendant's Motion to Dismiss. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's motion to dismiss is due to be granted.

### I. FACTUAL SUMMARY

Larry Wayne Gilham appeared in the city court for the City of Trussville having been charged with the offense of indecent exposure. (Pl.'s Compl. ¶ 1). The plaintiff alleges that the judge for the City of Trussville refused to set an appeal bond for the plaintiff, and placed the plaintiff in the Trussville City Jail. (Pl.'s Compl. ¶ 2). The plaintiff challenged this denial and filed a petition for writ of habeas corpus before Jefferson Circuit Judge Alfred Bahakel who denied the writ finding Gilham to be a real and present danger to the community.[1] (Def. Mot. Dismiss at 1).

---

[1] In 1980, Gilham was convicted of rape. *See Gilham v. State*, 382 So.2d 616 (Ala. Crim. App. 1980). The defendant stated in the Motion to Dismiss, and the plaintiff did not deny in his response, that the indecent exposure arrest underlying this claim was based on the plaintiff's act of masturbating in the presence of two nine year old girls. (Def. Mot. Dismiss at 1).

1

The plaintiff remained incarcerated until November 1, 1995 when a bond was set by the Alabama Court of Civil Appeals pursuant to a habeas corpus petition and the plaintiff was released on a one thousand dollar ($1,000) appeal bond. (Pl.'s Compl. ¶ 3).

The plaintiff alleges that the action of the Municipal Judge was in violation of Alabama Rules of Criminal Procedure, Rule 30.3(b) and Section 12-14-70(c), Code of Alabama 1975, and also violated plaintiff's civil rights pursuant to Title 42 U.S.C. § 1983. (Pl.'s Compl. ¶ 4). Furthermore, plaintiff claims to have suffered "a complete deprivation of his civil rights pursuant to the Fourteenth Amendment of the United States Constitution." (Pl.'s Compl. ¶ 5). Plaintiff's Complaint does not allege any custom, practice, or policy as against the City of Trussville.

## II. STANDARD OF REVIEW

The court may dismiss an action "for failure of the pleading to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Such a motion should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(citations omitted); *accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court must take factual allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994)(citation omitted). A complaint should be dismissed, however, if it is clear that no relief could be granted even crediting plaintiff's allegations of the facts.

## III. DISCUSSION

Plaintiff's allegations against the City of Trussville are based on the on the theory that by not setting an appeal bond for the plaintiff, the Municipal Judge violated the Rules of Alabama

Criminal Procedure, the Code of Alabama, the Fourteenth Amendment, and 42 U.S.C. §1983. It is clear that § 1983 liability cannot be imposed on a governmental entity under the doctrine of respondeat superior or solely because it employs an individual later found to have deprived a citizen of rights secured by the Constitution. *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 n.5 (1985); *Monell v. Department of Human Services*, 436 U.S. 658, 691 (1978). The Supreme Court summarized the principles governing liability of a municipality under §1983 observing:

> First, . . . municipalities may be liable under §1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to §1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the City's business."

*City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988). A municipality may be held liable under § 1983 only if it "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. This "policy" requirement dictates that a municipality can then be held liable only for "acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). In short, municipalities cannot be held vicariously liable under § 1983. Rather, it is only where a municipality "under color of some official policy, 'causes' an employee to violate another's constitutional rights," that a municipality may be liable thereunder. *Monell*, 436 U.S. at 692. Furthermore, in order to establish municipal liability, there must be a "direct causal

3

link" between the municipal action and the constitutional deprivation at issue. *City of Canton*, 489 U.S. at 385.

There are two ways to establish this "direct causal link." First, a policy or ordinance officially adopted or promulgated by the governing body may either be unconstitutional or may direct or authorize the deprivation of a person's constitutional rights. *Monell*, 436 U.S. at 690-91; *Pembaur*, 475 U.S. at 482. Second, in the absence of an officially adopted policy or regulation, a municipality can be liable under § 1983 if it can be proved that the municipality was deliberately indifferent to a plaintiff's constitutional rights. *City of Canton*, 489 U.S. at 388.

The plaintiff claims that the city judge was responsible for establishing final government policy for the City of Trussville.[2] (Pl.'s Response to Def.'s Mot. Dismiss at 2). The plaintiff claims that "[t]he judge's acts are the acts of the municipality and his decisions are the final authority with respect to judicial matters before the city and may fairly be said to be official policy." (*Id.* at 2). The court disagrees and concludes that the incidents described in the complaint do not constitute allegations of an official policy adopted by the City of Trussville.[3]

In *McMillian v. Johnson*, 88 F.3d 1573, 1579 (11th Cir. 1996), the Eleventh Circuit

---

[2] The plaintiff states that he "believes that other instances of excessive appeal and appearance bonds will come to light that establish a custom, practice, or policy on the part of the municipal court to violate the rights of defendants." (Pl.'s Response to Def.'s Mot. Dismiss at 2-3).

[3] *See Eggar v. City of Livingston*, 40 F.3d 312 (9th Cir. 1994) (finding no municipal liability for city judge not advising an indigent prisoner of her rights to appointed counsel); *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)( finding no municipal liability for local judge's sending plaintiff to jail without assistance of counsel because this act was judicial, not administrative); *See Woods v. City of Michigan City*, 940 F. 2d 275, 279 (7th Cir. 1991) (holding the city and county not liable for the local judge's bond directive because the judge was acting as an officer of the state judicial system).

4

discussed the issue of who constitutes a "final policymaker" and noted, "a municipal policymaker is the official with final responsibility in any given area of a local government's business." *McMillian,* 88 F.3d at 1578(citing *Praprotnik*, 485 U.S. at 125). A threshold question, therefore, is whether the official is going about the local government's business. *Id.* If the official's actions do not fall within an area of the local government's business, then the official's actions are not acts of the local government. *Id.*

Based upon the reasoning in *McMillian*, this court holds that a municipal judge is not a "policymaker" within the terms of Section 1983, as a municipal judge only has authority vested in him by the Alabama Constitution and the Code of Alabama. The municipal judge is governed by the authority vested in the office by the Alabama Constitution and by the Code of Alabama. The Alabama Constitution states that:

> [t]he judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a Supreme Court, a Court of Criminal Appeals, a Court of Civil Appeals, a trial court of general jurisdiction known as the Circuit Court, a trial court of limited jurisdiction known as the District Court and such municipal courts as may be provided for by law.

Article VI § 6.01(a). Furthermore, the Alabama Code provides for the establishment and jurisdiction of a municipal court and provides that such a court is "subject to the authority, conditions, and limitations as provided by law." (*See* Alabama Code § 12-14-1(a)). Therefore, a municipal judge is not a "policymaker" for the city in which he or she may preside. In this case the municipal judge's actions neither represented nor created city policy. Because the municipal judge is not a final policymaker, imposition of liability based on the allegations in plaintiff's complaint would rest on a theory of respondeat superior. This is not permitted under Section

1983.  Therefore, the defendant's Motion to Dismiss is due to be granted.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

      **DONE** this 30th day of September, 1998.

                                      */s/ Sharon Lovelace Blackburn*
                                  **SHARON LOVELACE BLACKBURN**
                                  United States District Judge